IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA FANG, <br><br> Plaintiff, <br><br> v. <br><br> VILLAGE OF SKOKIE, <br><br> Defendant. | No. 20-cv-06690 <br> Judge Franklin U. Valderrama |

### ORDER

Plaintiff Theresa Fang (Fang) filed a *pro se* Complaint against her former employer, Village of Skokie (the Village), alleging claims for employment discrimination on the basis of age under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (the ADEA), disability under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the ADA), and race under Title VII of the Civil Rights Act of 1964 (Title VII) and 42 U.S.C. § 1983 (Section 1983). R. 1, Compl.[1] Fang also filed motions for leave to proceed *in forma pauperis* (IFP), R. 4, and for attorney representation, R. 6. For the reasons discussed herein, Fang's Complaint is dismissed without prejudice with leave to file an amended complaint by December 14, 2020. Her motion for leave to proceed IFP is denied as moot, and her motion for attorney representation is denied without prejudice.

### Statement

Pursuant to 28 U.S.C. § 1915(a)(1), any person may commence a civil action without the prepayment of fees if he or she is unable to pay them. The Court must screen all complaints accompanied by an application for leave to proceed in forma pauperis, and it must dismiss a complaint that "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(2)(B)(i)–(iii); *see Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of 28 U.S.C. § 1915 to cases brought by non-prisoners). Courts screen complaints under § 1915 in

---

[1] Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

The Court draws all reasonable inferences in Fang's favor and construes all allegations in the light most favorable to her. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Fang need not provide detailed factual allegations, but she must provide enough factual support to raise her right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must provide more than "unadorned the defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To state a claim for discrimination, a plaintiff must allege that (1) she is a member of a protected class, (2) her job performance met her employer's legitimate expectations, (3) she was subjected to an adverse employment action, and (4) there is a connection between membership in a protected class and the adverse employment action (put another way, that plaintiff was treated differently than similarly situated employees outside of the protected class). *Barricks v. Eli Lilly & Co.*, 481 F.3d 556, 559 (7th Cir. 2007); *see also E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007) (explaining how the Rule 8(a) pleading standard applies to Title VII claims: "I was turned down for a job because of my race is all a complaint has to say") (internal citations omitted). This approach applies to claims of race discrimination under Title VII, as well as claims under the ADEA. *Barricks*, 481 F.3d at 559.

Similarly, to state a failure to accommodate claim under the ADA, an individual must allege that: (1) she is a qualified individual with a disability; (2) her employer was aware of her disability; and (3) the employer failed to reasonably accommodate her disability. 42 U.S.C. § 12111–12; *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 813 (7th Cir. 2015). Under the ADA, a "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Fang has adequately pled that she is a member of a protected class based on her age (seventy-two). Compl. at 1. *Barricks*, 481 F.3d at 559 (employees over forty are part of a protected class). However, this discrimination claim fails because Fang does not adequately allege any connection between her membership in this protected classes and any adverse employment action. Fang first claims that she was eliminated due to "budget" issues, but then alleges that she voluntarily resigned from her position on April 19, 2019. Compl. at 1. Fang then claims that a "new hire" was fifty-six years old (Compl. at 1), however she later claims that this employee was hired for a new job position titled "A/P and payroll supervisor." Compl. at 4–5. Fang

then admits that she did not apply for this position. *Id.* Fang makes no claims as to why or how her employment termination or, alternatively, her voluntary resignation of her position, was connected to her age. The Complaint contains no facts about similarly situated individuals who were younger who were treated differently. Although a plaintiff in the Seventh Circuit need only allege a defendant's intent quite generally, it still must raise the possibility that the plaintiff has a right to relief above the speculative level. *Edwards v. Illinois Dep't of Fin. & Prof'l Regulation*, 2014 WL 1258020, at *5 (N.D. Ill. Mar. 27, 2014) (collecting cases). As currently drafted, Fang's Complaint contains only speculation that adverse employment actions were taken against her based on her age.

Fang fails to adequately allege facts that allow the Court to find that she is a part of a protected class based on her race. Fang does not allege any facts to support her allegations of race discrimination. Likewise, Fang fails to adequately allege that she is a qualified individual with a disability and fails to provide any information on the nature of her disability. She also does not allege that the Village was aware of her disability or that the Village failed to reasonably accommodate her disability. Fang fails to adequately allege facts that allow the Court to find that she is part of a protected class based on any disability.

Fang therefore has failed to adequately plead sufficient facts to state a claim of employment discrimination on her status as a member of a protected class. Given that Fang's underlying Complaint is insufficient, her IFP petition is premature. Accordingly, the request is denied as moot. Fang's motion for attorney representation is denied without prejudice for now. The Court recommends that Fang utilize the resources provided by the U.S. District Court Hibbler Memorial *Pro Se* Assistance Program in preparing an amended complaint. Fang's Complaint is dismissed without prejudice with leave to file an amended complaint by December 14, 2020.

Date: 11/13/2020

_____
United States District Judge
Franklin U. Valderrama